**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| David Root and DMR Solutions LLC,<br><br>                              Plaintiffs,<br><br>            -v-<br><br>Charter Next Generation Films, Inc.,<br><br>                              Defendant. | 2:26-cv-02953<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On May 22, 2026, the Court found that the Notice of Removal filed by Defendant Charter Next Generation Films, Inc. ("CNG") failed to establish that this Court has subject matter jurisdiction over the action. (Order to Show Cause, ECF No. 8.) Accordingly, the Court required that CNG "must show cause by June 5, 2026 in writing, with all material facts established by sworn affidavit, why this Court should not remand this action for lack of subject matter jurisdiction, without prejudice to refiling in the proper forum." (*Id*. at 5.) The Court further cautioned that it would remand the action if CNG fails to timely respond or "if its response does not show that the Court has subject matter jurisdiction over this action." (*Id*. at 5–6.)

On June 5, 2026, CNG responded to this Court's Order to Show Cause with affidavits from Sabrina Bryan, counsel for CNG, and Paul Gorman, a senior vice president at CNG. (Bryan Decl., ECF No. 13; Gorman Decl., ECF No. 14.) On June 17, 2026, CNG filed a letter reiterating the information provided in the affidavits. (ECF No. 16.) For the reasons set forth below, this action is remanded to the Supreme Court of the State of New York, County of Nassau pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## LEGAL STANDARDS

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceeds $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). In determining the citizenship of a party, the following standards apply.

"[F]or diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). By contrast, "the citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

The requirement to establish the citizenship of a limited liability company ("LLC") by identifying all individual members of the LLC and demonstrating their citizenships is "scrupulous[ly] enforce[d]." *Platinum-Montaur*, 943 F.3d at 618–19. Indeed, the Second Circuit

2

has acknowledged that this requirement "may make it more difficult" for LLCs "to sue or to be sued in federal court under diversity jurisdiction." *Id.* at 619. But "that is the way Congress wants it" and it "is not up to the courts to amend the statute to increase the reach of federal jurisdiction." *Kenshoo, Inc. v. Aragon Advert., LLC*, 586 F. Supp. 3d 177, 181 (E.D.N.Y. 2022). Therefore, in order to establish diversity jurisdiction, the plaintiff "must identify each member of the LLC and properly plead each member's citizenship." *Id.* at 180; *see also Beristain v. 103 Ditmas LLC*, No. 25-cv-727, 2025 WL 524660, at *1 (E.D.N.Y. Feb. 18, 2025) (holding that this requirement is not excused by the fact that most "[p]ublic filings for LLCs generally do not disclose" who their members are).

Additionally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider numerous factors, which include:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations

omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir.

2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank

accounts, places of business or employment.") (citation omitted).

Finally, "a plaintiff invoking federal [diversity] jurisdiction must demonstrate a

'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v.*

*Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The Second

Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith

representation of the actual amount in controversy." *Id.* The amount in controversy alleged must

be plausible, *i.e.*, supported by factual allegations in the complaint. *Wood v. Maguire*

*Automotive, LLC*, 508 F. App'x 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack

of subject matter jurisdiction where the complaint's allegation "of $75,000 in controversy is

conclusory and not entitled to a presumption of truth"). "[I]f the jurisdictional amount is not

clearly alleged in the . . . complaint, and the defendant's notice of removal fails to allege facts

adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal

courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."

*Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994).

## DISCUSSION

As noted in the Court's Order to Show Cause, the Notice of Removal establishes that

CNG is a citizen of Delaware and Illinois and that the amount-in-controversy requirement is met.

(ECF No. 8 at 4.) However, CNG's filings fail to establish the citizenship of either Plaintiff and

therefore fails to demonstrate that there is complete diversity between the parties as required for

this Court to exercise jurisdiction under 28 U.S.C. § 1332.

4

CNG's affidavits merely set forth facts relating to Root's residence in New York. (*See* Bryan Decl., ECF No. 13 ¶¶ 6 ("Mr. Root alleges that he is a resident of Nassau County"), 7 ("Mr. Root has maintained 24 different residences in New York."); 8 (listing Root's current New York address); 9 (noting that Roslyn, New York is listed as Root's location on his LinkedIn profile); Gorman Decl., ECF No. 14 ¶¶ 3 ("David Root lives in Long Island, New York."), 4 ("I have met Mr. Root for breakfast and lunch meetings near his residence in Long Island, New York on multiple occasions.").) Bryan also attests that counsel for Root is located in New York. (Bryan Decl. ¶ 5.)

As this Court noted in its Order to Show Cause, "a plaintiff's residence, standing alone, does not establish that he is domiciled in New York." (ECF No. 8 at 5.) Root's residence in New York and the location of his counsel in this state are insufficient to demonstrate that Root is domiciled in New York particularly in light of the record, which reflects that Root has resided in four different addresses in Georgia and Florida in addition to addresses in New York in recent years. (*See* ECF No. 13-1 at 3–4.) Similarly, the Court declines to credit CNG's statement in its June 17, 2026 letter regarding Root's unidentified "business relationships throughout" New York, which rely on conclusory allegations in the Bryan and Gorman affidavits. ECF No. 16 at 2; *see also Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617–18 (placing the burden of establishing federal jurisdiction on the party seeking to assert it and noting that district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence").

With respect to Plaintiff DMR, Bryan cites the Verified Complaint's allegation that "Root is the sole member of DMR." (Bryan Decl. ¶ 10.) However, as explained in this Court's Order to Show Cause, "[b]ecause DMR is an LLC, its citizenship is determined by 'the

citizenship of each of its members.'" (ECF No. 8 at 5.) Because Defendant has failed to establish Root's citizenship, the citizenship of DMR is also undetermined.

## CONCLUSION

Because CNG's response does not demonstrate that this Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), this action is remanded to the Supreme Court of the State of New York, County of Nassau pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this order to the clerk of the Nassau County Supreme Court.

Dated: Central Islip, New York
June 25, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge